STEPHEN J. SCHULTZ, SBN 90187
sschultz@mgfllp.com
CHAD T. WISHCHUK, SBN 214779
cwishchuk@mgfllp.com
**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

FILED

08 APR -1 AM 10: 41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

Attorneys for Defendant ISEC, Incorporated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA **08 CV 0593 BTM LSP**

| | |
|---|---|
| JOSEPHINE R. ZOMAYAH,<br><br>　　　Plaintiff,<br><br>v.<br><br>ISEC, INCORPORATED.,<br>an unknown business entity ;<br>and DOES 1 through 50, inclusive,<br><br>　　　Defendants. | CASE NO:<br><br>(Removed from Superior Court of California, County of San Diego,<br>Case No. 37-2007-00084794-CU-WT-CTL)<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)<br><br>(DIVERSITY OF CITIZENSHIP)<br><br>Assigned to:<br>Hon. 　　　　　　　, Dept. |

TO THE CLERK AND JUDGES OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant ISEC, Incorporated ("ISEC")

hereby removes to this Court the state court action known as *Zomayah v. ISEC,*

*Incorporated*, San Diego County Superior Court Case No. 37-2007-00084794-

CU-WT-CTL, which is described below.

　　　1.　　On April 3, 2006, a civil action was commenced by filing a

complaint in the Superior Court of the State of California in and for the County

of San Diego ("Complaint"). The action is entitled *Josephine R. Zomayah v.*

/ / / / /

---

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

*ISEC, Incorporated DOES 1 through 50.* A copy of the Complaint is attached as Exhibit "A." The action was assigned by the state court case no. 37-2007-00084794-CU-WT-CTL.

2.    The first date upon which ISEC was served and/or received a copy of the Complaint was February 28, 2008, when ISEC was served with a copy of the Complaint and with a summons from the California state court. A copy of the summons is attached as Exhibit "B." Attached as Exhibits "C" and "D" are the following additional papers that have been filed with the California state court:

      a.    Notice of Case Assignment,

      b.    Stipulation to Use Alternative Dispute Resolution Process.

## BASIS FOR REMOVAL JURISDICTION

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332. This is a civil action which may be removed to this Court by defendant ISEC pursuant to the provisions of 28 U.S.C. § 1441(b) in that, as fully set forth below, it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## CITIZENSHIP OF THE PARTIES

4.    ISEC is informed and believes that Zomayah was, and still is, a citizen of the State of California, County of San Diego, and City of San Diego.

5.    Under 28 U.S.C. § 1332(c)(1), ISEC, at the time of the filing of this action was, and still is, a citizen of the State of Colorado in that ISEC is incorporated under the laws of the State of Colorado and has its principal place of business in Englewood, Colorado.

6.    ISEC is the only defendant that has been served with the summons and the Complaint in this action. It is not necessary for defendants DOES 1

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

1   through 50 to join in removal as they are sued under fictitious names, have not

2   been served with or received the Complaint, and under 28 U.S.C. § 1441(a) are to

3   be disregarded for purposes of removal.

4               THE AMOUNT IN CONTROVERSY EXCEEDS THE
5       SUM OR VALUE OF $75,000, EXCLUDING INTEREST AND COSTS

6       7.      Zomayah alleges she was employed by ISEC.  Zomayah was

7   employed from November 10, 2004, until approximately January 3, 2007.

8   Throughout her employment, Zomayah was paid an hourly wage rate of $14.52

9   and was employed for approximately 1664-2080 hours a year.  Zomayah's

10  annual wages, therefore, exceeded $24,161.28.  Zomayah also received employee

11  benefits in the form of paid vacation and holiday, medical, dental, life and long

12  term disability insurances, and potential annual cash bonuses and matching 401

13  (k) contributions, which carried a total annual approximate value of $7,116.76.

14      8.      Zomayah asserts the following nine claims of relief in her

15  Complaint:

16          a.      National Origin Discrimination, Dispute Treatment;

17          b.      National Origin Discrimination, Hostile Work Environment;

18          c.      National Origin Discrimination, Retaliation;

19          d.      Tortious Discharge In Violation Of Public Policy;

20          e.      Intentional Infliction Of Emotional Distress;

21          f.      Negligent Infliction Of emotional Distress;

22          g.      Breach Of Implied In Fact Contract;

23          h.      Brach of Written Contract; and

24          i.      Breach of the Covenant of Good Faith and Fair Dealing.

25      9.      Zomayah seeks compensatory damages with respect to all nine

26  claims, including lost wages, lost employee benefits, bonuses, vacation benefits,

27  / / / / /

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

3

1  mental and emotional distress damages; "other special and general damages;"
2  and prejudgment interest and costs of suit.

3       10.    With respect to her first, second, third and sixth claims for relief,
4  Zomayah seeks punitive damages.

5       11.    With respect to her first, second and third claims, Zomayah seeks
6  attorneys' fees and costs.

7       12.    Zomayah's employment terminated over a year prior to the date of
8  the removal of this action. Based upon her annual wage rate, the amount of her
9  claimed lost wages alone exceeds $24,000.00. Zomayah claims lost benefits that
10  exceed the sum or value of $7,000.00.

11       13.    Zomayah is also claiming emotional distress damages, punitive
12  damages, and attorneys' fees. The sum or value of these amounts, when added to
13  the sum or value of the amounts described above, make it facially apparent from
14  the allegations of the Complaint that Zomayah's claims in her Complaint exceed
15  the sum or value of $75,000.

16       14.    This notice is filed within the proper time period after ISEC was
17  served and/or received a copy of the summons and the Complaint, and is timely
18  under 28 U.S.C. § 1446(b).

19  DATED: April 1, 2008             Respectfully submitted,

20                              MARKS, GOLIA & FINCH, LLP

21

22                              By: _Chad T. Wishchuk_
23                              STEPHEN J. SCHULTZ
                               CHAD T. WISHCHUK
24                              Attorneys for Defendant ISEC,
                               Incorporated

25

26

27  1246.002 (DC)/CTW1365.am

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

4

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

# EXHIBIT "A"

EXHIBIT "A"

LAW OFFICE OF BRICTSON & COHN
TIMOTHY L. BRICTSON, SBN: 174907
H ANTHONY HARRIS, SBN: 189813
2214 Fifth Ave
San Diego, CA 92101
(619) 296-9387
Attorneys for Plaintiff
JOSEPHINE ZOMAYAH

FILED
~~~ DISTRICT OFFICE 16
CENTRAL DIVISION

07 DEC 28 PM 4:09

~~~ ~~~ COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT OF THE STATE OF

## CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JOSEPHINE R. ZOMAYAH, | CASE NO. :  37-2007-00084794-CU-WT-CTL |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES FOR NATIONAL ORIGIN DISCRIMINATION (DISPARATE TREATMENT, HOSTILE ENVIRONMENT & RETALIATION), CAL.GOV. CODE §§ 12940, *et seq*; TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; BREACH OF IMPLIED-IN-FACT CONTRACT; BREACH OF WRITTEN CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING. |
| ISEC, INCORPORATED, an unknown business entity, and DOES 1-50, inclusive | |
| Defendants. | |

COMES NOW Plaintiff, JOSEPHINE R. ZOMAYAH, and complains and alleges as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. Defendant, ISEC, INC., (hereinafter ISEC, INC.) is an unknown business entity doing business in the County of San Diego, State of California.

2. The true names and capacities of Defendants named herein as DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, and thus sued by such fictitious names pursuant to Cal. Code. Civ. Proc. § 474. Plaintiff is informed and believes that DOE Defendants are California residents. Plaintiff will amend this Complaint to show true names in these capacities when they have been determined.

3. Plaintiff was born and raised in the United States, but her national ancestry is Iraqi.

4. Plaintiff was hired by Defendant on November 10, 2004, as a Project Coordinator.

5. During the course of Plaintiff's employment with Defendants, Plaintiff performed her various duties competently and proficiently, and otherwise performed each and every condition of the terms of Plaintiff's employment agreement with Defendants.

6. As part of Plaintiff's employment with Defendants, she was required to work with Ashley Perez, a Product Engineer for Defendant, ISEC, INC..

7. From the beginning of Plaintiff's employment, Ashley Perez made it clear to Plaintiff that she did not like Iraqis, or people from any other Middle Eastern country. For instance, Ms. Perez would walk behind Plaintiff and step on her heals. While engaged in the stepping on Plaintiff's heals, Ashley Perez would say something derogatory about the Plaintiff, her national origin, or something profane in general.

8. Plaintiff told Ashley Perez she did not like the way she spoke to her, spoke about Iraqis and other people from the Middle East, and that she wanted Ms. Perez to stop. Ms. Perez refused to stop.

9. Mr. Jeff Gladinus, Operations Manager, was informed of these events and did nothing to stop them. Despite the fact that Mr. Gladinus was Ms. Perez's supervisor, he never reprimanded Ms. Perez for making those statements, jokes, and insults.

10. Mr. Gladinus, the operations manager, agreed with Plaintiff that Ms. Perez's actions were wrong, but did nothing to stop it despite making promises that he would.

11. During the ongoing harassment and hostile environment, Plaintiff continued to perform her duties in an excellent fashion. In March 2006, Plaintiff was in line to receive a promotion

from Project Coordinator to Project Engineer.  Instead, Plaintiff was demoted without justification to Roving Project Coordinator.

12. Subsequently, the harassment and hostile environment created by Ms. Perez against Plaintiff due to her national origin intensified.

13. Other individuals in the company began to also mock and harass Plaintiff because of her Iraqi heritage.

14. In June, 2006, Doug Walters, Project Manager, mocked Plaintiffs language and described it as "gibberish."  Plaintiff attempted to explain that her culture was in fact one of the oldest in the world, and thus should be shown respect.  This caused Doug Walters to mock and tease Plaintiff.  Mr. Walters turned Plaintiff's defense of her culture into a cruel taunt by mischaracterizing what she had said about Iraqi culture.

15. In August, 2006, Doug Walters teased and mocked Plaintiff's fasting during the Feast of Saint Mary.  After teasing Plaintiff, he mockingly tried to temp Plaintiff with meat, a violation of the fast.

16. In October, 2006, Lauren Africa, Project Manager, compared Plaintiff's culture to the film, "Borat."

17. In November, 2006, Bobby Falar, Estimator, compared Plaintiff's lunch to "dog shit".

18. In December, 2006, Harry Stamp, Safety Engineer, teased Plaintiff, asking if he was an infidel, implying that Plaintiff was a terrorist because of her heritage.

19. In June, 2006, Plaintiff was presented with a list of criteria by her supervisor, Cindee Futo, Senior Operations Manager, to be completed by December, 2006, by which Plaintiff would be promoted to Project Engineer.  One of the criteria was that Plaintiff complete and pass the blue-print reading course she was attending.

20. Defendants were aware of Plaintiff's school obligations and had taken steps to accommodate her by allowing her to attend college courses and editing her work schedule for that purpose.

21. Between June, 2006 and December, 2006, Plaintiff met all the listed criteria presented to her in the June, 2006 meeting. At her review in December, 2006, Plaintiff was given an excuse as to her not being promoted as promised. On January 03, 2007, Plaintiff was laid off.

22. Defendant's representatives provided conflicting rationales for her layoff. One rational was that Plaintiff's schooling was interfering too much, as they needed someone there 40 hours a week or more because of large work loads. Another rational was that there was not enough work to justify her position. Two contradictory explanations.

23. Both rationales were false, and a pretext, as Plaintiff was attending school with the assistance and approval of her employer, and Defendants were quite busy and there was in fact lots of work available.

24. Plaintiff's employment benefits included earnings of $28,000 a year in salary vacation days and other benefits. Other benefits included: health (medical), dental, life and disability insurances; tuition assistance and other benefits, amounts and values to be determined at trial.

### FIRST CAUSE OF ACTION
### National Origin Discrimination Cal Gov. Code § § 12940. *Et Seq.*,
### Disparate Treatment

25. The allegations set forth in paragraphs 1 through 24 are realleged and incorporated herein by reference.

26. At all times herein mentioned, California Government Code §§12940, *et seq.*, were in full force and effect and were binding upon Defendants. Defendants regularly employed more than five persons.

27. At all times herein mentioned, California Government Code §§ 12940, *et seq.*, protected Plaintiff.

28. California Government Code §§ 12940, *et seq.*, requires Defendants to refrain from discriminating against any employee on the basis of that employee's national origin or ancestry.

29. Within the time provided by law, on April 9, 2007 Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") complaining that she had

been harassed on the basis of her national origin and ancestry during the course of her employment with Defendants.

30. On April 10, 2007, the DFEH mailed a right to sue letter to Plaintiff.

31. Between December March 2006 and January 2007, Plaintiff was subjected to repeated disparate treatment and discrimination while employed by Defendants due to Plaintiff's national origin, as described above. Those individuals employed by Defendant who subjected Plaintiff to repeated slurs and jokes made about her national origin include, but are not limited to: Ashley Perez, Lauren Africa, Bobby Falar, Cindee Futo (Operations Manger), Doug Walters (Project Manager), Harry Stamp (Superintendent for San Diego region), who all worked for Defendant, ISEC, INC.

32. Plaintiff's culture and national origin were also the subject of harassment by Cindee Futo, Doug Walters and Harry Stamp, all in management positions at Defendant ISEC, INC. The harassment consisted of verbal harassment as well as demotions and termination.

33. Defendants are liable for the conduct of the managers because the managers were indeed a manager for Defendants acting in a supervisory capacity for and behalf of Defendants. Much of Cindee Futo's discriminatory conduct occurred while Ms. Futo was acting in her supervisory position above Plaintiff. The discriminatory and harassing conduct by Doug Walters and Harry Stamp occurred while they acted in their supervisory roles over Ms. Futo and Plaintiff.

34. Defendants are liable for the conduct of Ms. Futo, Mr. Walters and Mr. Stamp because Ms. Futo's supervisor, Mr. Stamp, the superintendent for San Diego, personally witnessed and knew of Ms. Futo's discriminatory conduct, and failed to take remedial action and implicitly gave approval of the discriminatory demotion.

35. Defendants are liable for the conduct of Ms. Futo because Ms. Futo's supervisor, Mr. Stamp, the Superintendent, failed to take remedial action when Plaintiff complained to Human Resources about Ms. Futo's discriminatory conduct.

36. Defendants are liable for the conduct of their non-supervisory personnel because their supervisors were informed and had full knowledge of the discriminatory and harassing conduct

1   of the non-supervisory personal and took no action to prevent or correct the discriminatory and

2   harassing conduct.

3       37.  Plaintiff complained about the disparate treatment to Kim Samples, Dave Herzel, Scott

4   Morrison, and Jeff Gladinus.

5       38.  As a proximate result of Defendants' willful, knowing, and intentional discrimination

6   against Plaintiff, she sustained a significant emotional injury.

7       39.  As a proximate result of Defendants' willful, knowing, and intentional discrimination

8   against Plaintiff, Plaintiff continues to sustain substantial losses in earnings and other

9   employment benefits.

10      40.  As a proximate result of Defendants' willful, knowing, and intentional discrimination

11  against Plaintiff, she has suffered and continues to suffer humiliation, emotional distress, and

12  mental and physical pain and anguish, all to her damage in a sum according to proof.

13      41.  As a proximate result of Defendants' willful, knowing, and intentional discrimination

14  against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount

15  according to proof.

16      42.  Plaintiff has incurred and continues to incur legal expense and attorneys' fees.  The

17  total amount of those attorneys fees and expenses are currently unknown, and Plaintiff prays

18  leave of court to amend this complaint when said amounts are fully known.

19                          **SECOND CAUSE OF ACTION**

20      **National Origin Discrimination Cal Gov. Code § § 12940. _Et Seq._,**
                          **Hostile Work Environment**

21      43. The allegations set forth in paragraphs 1 through 42 are realleged and incorporated

22  herein by reference.
-

23      44. At all times herein mentioned, California Government Code §§ 12940, _et seq._, were in

24  full force and effect and were binding upon Defendants. Defendants regularly employed more

25  than five persons.

26      45. At all times herein mentioned, California Government Code §§ 12940, _et seq._, protected

27  Plaintiff.

28

46. California Government Code §§ 12940, *et seq.*, requires Defendants to take all reasonable steps necessary to prevent discrimination and harassment against any employee on the basis of that employee's national origin or ancestry; and if harassment has occurred, it is the employer's duty to maintain a harassment free work environment, and requires the employer to take remedial action, not only to change the harasser's behavior, but to deter potential harassers from unlawful conduct.

47. Within the time provided by law, on April 9, 2007, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") complaining that she had been harassed on the basis of her national origin and ancestry during the course of her employment with Defendants.

48. On April 10, 2007, the DFEH mailed a right to sue letter to Plaintiff.

49. Between March 2006 and January 2007, Plaintiff was subjected to repeated harassment and discrimination while employed by Defendants due to Plaintiff's national origin, as described above. Those individuals employed by Defendant that created a hostile work environment include, but are not limited to the following: Ashley Perez, Lauren Africa, Bobby Falar, Cindee Futo (Operations Manger), Doug Walters (Project Manager), Harry Stamp (Superintendent for San Diego region), for Defendant, ISEC, INC.

50. That conduct and those comments were made in the presence of Plaintiff and the process manager's supervisor, Mr. Haerlee.

51. Despite Defendants obligation to prevent and cure harassment in the workplace, and despite Plaintiff's complaints, Mr. Haerlee failed to take corrective action or protect Plaintiff.

52. Due to the manager of process engineering's conduct, and Mr. Haerlee's failure to take corrective action, a reasonable person in Plaintiff's position would have found, and Plaintiff herself found, a hostile work environment for people from Iraq, other Middle Eastern countries, or other countries where the population is non-white .

53. As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, she continues to sustain substantial losses in earnings and other employment benefits.

54. As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

55. As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

56. Plaintiff has incurred and continues to incur legal expense and attorneys' fees. The total amount of those attorneys fees and expenses are currently unknown, and Plaintiff prays leave of court to amend this complaint when said amounts are fully known.

### THIRD CAUSE OF ACTION
### National Origin Discrimination Cal Gov. Code § § 12940. *Et Seq.*, Retaliation

57. The allegations set forth in paragraphs 1 through 56 are realleged and incorporated herein by reference.

58. At all times herein mentioned, California Government Code §§ 12940, *et seq.*, were in full force and effect and were binding upon Defendants. Defendants regularly employed more than five persons.

59. At all times herein mentioned, California Government Code §§ 12940, *et seq.*, protected Plaintiff.

60. California Government Code §§ 12940, *et seq.*, prohibits Defendants from retaliating against any employee because the employee has complained of or reported national origin discrimination or harassment.

61. Within the time provided by law, on April 9, 2007 Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") complaining that he had been harassed on the basis of his national origin and ancestry during the course of his employment with Defendants.

62. On April 10, 2007, the DFEH mailed a right to sue letter to Plaintiff.

63. After Plaintiff complained to Ms. Futo's supervisor, Mr. Stamp, of Ms. Futo's conduct, and the company's failure to take corrective measures, Plaintiff was subjected to retaliation by

1  Defendants as described above. That conduct included, but was not limited to, being yelled at,

2  being denied promotions, being demoted, generally making her job more difficult, an atmosphere

3  of hostility and finally a termination. As a proximate result of Defendants' willful, knowing, and

4  intentional discrimination against Plaintiff, she continues to sustain substantial losses in earnings

5  and other employment benefits.

6      64. As a proximate result of Defendants' willful, knowing, and intentional discrimination

7  against Plaintiff, she has suffered and continues to suffer humiliation, emotional distress, and

8  mental and physical pain and anguish, all to his damage in a sum according to proof.

9      65. As a proximate result of Defendants' willful, knowing, and intentional discrimination

10  against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount

11  according to proof.

12      66. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. The

13  total amount of those attorneys fees and expenses are currently unknown, and Plaintiff prays

14  leave of court to amend this complaint when said amounts are fully known.

15

16                 **FOURTH CAUSE OF ACTION**
        **Tortious Discharge In Violation Of Public Policy**

17

18      67. Plaintiff hereby incorporates by reference all of the preceding and subsequent

19  paragraphs of this Complaint as if fully set forth herein.

20      68. In and about December, 2006, Plaintiff was informed that she was denied the

21  promotion promised to her in June, 2006, despite completing all the requirements that

22  Defendants established as criteria for the promotion.

23      69. It is a well established, fundamental, and substantial public policy that employees are

24  to be free from discrimination on the basis of their national origin and that employers are not

25  allowed to terminate employees in an effort to avoid responding to and/or rectifying wrongs. Cal

26  Gov. Code §§ 12940, *et seq*

27      70. As a proximate result of Plaintiff's conduct described above, Defendants terminated

28  Plaintiff employment on or about January 3, 2007.

71.  As a proximate result of Defendants' conduct Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and other employment benefits which Plaintiff would have otherwise received, plus expenses incurred in obtaining substitute employment, all to Plaintiff's damage in an amount according to proof.

72.  WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress

1)  Plaintiff hereby incorporates by reference all of the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

2)  Defendants, acting on their own and through agents and employees, engaged in the acts heretofore described deliberately and intentionally in order to cause Plaintiff severe emotional distress, alternatively, Plaintiff alleges that such conduct was done in reckless disregard of the probability of said conduct causing Plaintiff severe emotional distress.

3)  The foregoing conduct did, in fact, cause Plaintiff to suffer extreme and severe emotional distress.  As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety, humiliation, and emotional distress, and will continue to suffer said emotional distress in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at the time of trial.

4)  Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

5)  WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### Negligent Infliction Of Emotional Distress

6)    Plaintiff hereby incorporates by reference all of the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

7)    Defendants, acting on their own and through agents and employees, engaged in acts heretofore described negligently in light of the foreseeable emotional shock to Plaintiff.

8)    The foregoing conduct did, in fact, cause Plaintiff to suffer extreme and severe emotional distress.  As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety, humiliation, and emotional distress and will continue to suffer said emotional distress in an amount in excess of the minimum jurisdiction of this Court, the precise amount which will be proven at the time of trial.

## SEVENTH CAUSE OF ACTION
### Breach Of Implied In Fact Contract

73. Plaintiff hereby incorporates by reference Paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74. Plaintiff entered into an employment relationship with Defendants.

75. Plaintiff entered into an employment agreement with Defendants pursuant to which Plaintiff agreed to work for Defendants and for which Defendants agreed to pay Plaintiff compensation.  During the entire course of Plaintiff's employment with Defendants, there existed an implied in fact employment contract between Plaintiff and Defendants, which included, but was not limited to, the following terms and conditions:

(A) Defendants would not evaluate Plaintiff's performance
    in an arbitrary, untrue, or capricious manner;

(B) Defendants would provide Plaintiff with support in
    order to properly carry out Plaintiff's responsibilities;

(C) That Plaintiff would be protected from discrimination
and harassment based on her national origin.

(D) That Defendants would take corrective action
immediately whenever an employee of Defendants
harassed or discriminated against another employee on
the basis of race, color, or national origin.

(E) That Defendants would not retaliate against any
employee who reported harassment or discrimination.

76. That total employment agreement was evidenced by various written documents, oral representations to Plaintiff by Defendants' agents and employees, and the parties' entire course of conduct, including the following:

(A) Defendants' written and oral personnel policies and
discipline procedures;

(B) Defendants' established policy which was known to
Plaintiff, and relied upon by her;

77. Plaintiff undertook and continued employment and duly performed all of Plaintiff's obligations under the contract. Plaintiff at all times has been ready, willing, and able to perform, and has offered to perform, all the conditions of the contract.

78. Despite the representations made to Plaintiff by Defendants, and Plaintiff's reliance, Defendants failed to carry out its responsibilities under the terms of the employment agreement by allowing Plaintiff to be harassed, failing to take corrective action, and retaliating against Plaintiff.

79. As a proximate result of Defendants' breach of the total employment agreement, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and other employment benefits which Plaintiff would have received had Defendants not breached said agreement, plus expenses incurred in obtaining substitute employment, all to Plaintiff's damage in an amount according to proof.

benefits which Plaintiff would have received had Defendant not breached said agreement, plus expenses incurred in obtaining substitute employment, all to Plaintiff's damage in an amount according to proof.

88. WHEREFORE, Plaintiff requests relief as hereinafter provided.

### NINTH CAUSE OF ACTION
### Breach Of The Covenant Of Good Faith And Fair Dealing

89. Plaintiff hereby incorporates by reference Paragraphs 1 through 87, inclusive, of this Complaint as if fully set forth herein.

90. The aforestated employment agreement contained an implied covenant of good faith and fair dealing by which Defendants, each of them, promised to give full cooperation to Plaintiff in performance under said employment agreement and to refrain from doing any act which would prevent or impede Plaintiff from performing all the conditions of the agreement and to refrain from any act that would prevent or impede Plaintiff's enjoyment of the fruits of said contract. Said covenant of good faith and fair dealing required Defendants to fairly, honestly, and reasonably perform the terms and conditions of said agreement.

91. Said covenant of good faith and fair dealing adheres in every contract and, in particular, is implied in the terms of Plaintiff's implied in fact employment agreement with Defendants, and Plaintiff's written employment agreement, both described above, and by reason of, but not limited to, Plaintiff's outstanding performance for Defendant, and Defendants' policies of dealing in good faith with its employees. Said factors, among others, precluded Defendants harassing, allowing harassment of, and retaliating against Plaintiff on the basis of his national origin.

92. Defendants' harassing, discriminating against, failing to protect, and retaliating against, Plaintiff was wrongful, in bad faith, arbitrary, and unfair, and therefore in breach of said covenants (both written and implied in fact) between Plaintiff and Defendants described above.

93. As a direct, foreseeable, and proximate result of Defendants' breach, Plaintiff suffered and continues to suffer substantial losses in earnings and other employment benefits, all to

Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

### PRAYER

94. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

(a)     For compensatory damages, including lost wages, lost employee benefits, bonuses, vacation benefits, mental and emotional distress, and other special and general damages according to proof, as to all Causes of Action;

(b)     For an award of punitive damages, as to the First, Second, Third, & Sixth Causes of Action;

(c)     For an award of interest, including prejudgment interest, at the legal rate, as to all Causes of Action;

(e)     For an award to Plaintiff of costs of suit incurred hereon on all Causes of Action;

(f)     For an award to Plaintiff of attorney's fees and costs as to the First, Second, & Third Causes of Action;

(g)     For an award to Plaintiff of such other and further relief as this Court deems just and proper.

DATED: December 28, 2007

Respectfully Submitted,

Law Office of Erictson & Cohn

H Anthony Harris
Attorney for Plaintiff
JOSEPHINE R. ZOMAYAH

-15-

# EXHIBIT "B"

EXHIBIT "B"

*Lot 1246.002*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ISEC, INCORPORATED, an unknown business entity
AND DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSEPHINE R. ZOMAYAH

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

07 DEC 28 PM 4: 13

SAN DIEGO COUNTY, CA

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER:** |
| *(El nombre y dirección de la corte es):* | *(Número del caso):* 37-2007-00084794-CU-WT-CTL |
| San Diego Superior Court, Central Hall of Justice | |
| 330 W. Broadway | |
| San Diego, CA 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
H. Anthony Harris, Law Office of Brictson & Cohn
2214 Fifth Avenue, San Diego, CA 92101    (619) 296-9387

R. Vela

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* DEC 2 8 2007 | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* ISEC, Incorporated, an unknown business enti[ty]

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☑ other *(specify):* a business entity, form unknown

4. ☑ by personal delivery on *(date):* 2/28/08

Page 1 of 1

[SEAL]

| | | |
|---|---|---|
| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | |
| SUM-100 [Rev. January 1, 2004] | | American LegalNet, Inc. www.USCourtForms.com |

# EXHIBIT "C"

**EXHIBIT "C"**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6149 |

PLAINTIFF(S) / PETITIONER(S):   Josephine R Zomayah

DEFENDANT(S) / RESPONDENT(S):  ISEC INCORPORATED

ZOMAYAH VS. ISEC INCORPORATED

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2007-00084794-CU-WT-CTL |
|---|---|

Judge:  Linda B. Quinn                                                    Department: C-74

**COMPLAINT/PETITION FILED:** 12/28/2007

---

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)

**NOTICE OF CASE ASSIGNMENT**

# EXHIBIT "D"

**EXHIBIT "D"**

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** <br> STREET ADDRESS:      330 West Broadway <br> MAILING ADDRESS:    330 West Broadway <br> CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 <br> BRANCH NAME:      Central | |

| | |
|---|---|
| PLAINTIFF(S):    Josephine R Zomayah | |
| DEFENDANT(S): ISEC INCORPORATED | |
| SHORT TITLE:    ZOMAYAH VS. ISEC INCORPORATED | |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS** <br> **(CRC 3.221)** | CASE NUMBER: <br> 37-2007-00084794-CU-WT-CTL |
|---|---|

Judge: Linda B. Quinn                                    Department: C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                      ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____        Date: _____

Name of Plaintiff                                      Name of Defendant

_____        _____
Signature                                              Signature

Name of Plaintiff's Attorney                          Name of Defendant's Attorney

_____        _____
Signature                                              Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated:  12/28/2007                          _____
                                            JUDGE OF THE SUPERIOR COURT

                    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**

3

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)   PLAINTIFFS**

JOSEPHINE R. ZOMAYAH

**DEFENDANTS**

ISEC, INCORPORATED

*FILED*
*08 APR - 1  AM 10:10*

**(b)** County of Residence of First Listed Plaintiff   San Diego, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Arapahoe, Colorado
(IN U.S. PLAINTIFF CASES ONLY)

*CLERK, U.S. DISTRICT COURT*
*SOUTHERN DISTRICT OF CALIFORNIA*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

BY: _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Marks, Golia & Finch, LLP, 3900 Harney Street, First Floor
San Diego, CA 92110; (619) 293-7000

Attorneys (If Known)

STEPHEN J. SCHULTZ and CHAD T. WISHCHUK

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                 and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

'08 CV 0593 BTM LSP

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332 (c) (1) and § 1441

Brief description of cause:
Diversity action for employment discrimination and wrongful termination.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $   over $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   4/1/08

SIGNATURE OF ATTORNEY OF RECORD   Chad T. Wishchuk

**FOR OFFICE USE ONLY**

RECEIPT #  141220   AMOUNT  $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

SEL ___ 4/1/08

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 149220    — SH

April 01. 2008
10:37:10

## Civ Fil Non-Pris
USAO #.: 08CV0593
Judge..: BARRY T MOSKOWITZ
Amount.:                          $350.00 CK
Check#.: BC33565

Total—>   $350.00

FROM: ZOMAYAH V. ISEC INC