STEPHEN J. SCHULTZ, SBN 90187
sschultz@mgfllp.com
CHAD T. WISHCHUK, SBN 214779
cwishchuk@mgfllp.com

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

FILED

08 APR -1 AM 10: 41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____

DEPUTY

Attorneys for Defendant ISEC, Incorporated

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

08 CV 0593 BTM LSP

| | |
|---|---|
| JOSEPHINE R. ZOMAYAH, | CASE NO: |
| Plaintiff, | (Removed from Superior Court of California, County of San Diego, Case No. 37-2007-00084794-CU-WT-CTL) |
| v. | |
| ISEC, INCORPORATED, an unknown business entity ; and DOES 1 through 50, inclusive, | DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF JOSEPHINE R. ZOMAYAH |
| Defendants. | Assigned to: Hon.                    , Dept. |

Defendant ISEC, Incorporated ("ISEC"), answers the complaint of plaintiff Josephine R. Zomayah ("Plaintiff") as follows:

1.     ISEC admits the allegations of paragraph 1 of the Complaint only to the extent ISEC has done business in San Diego County.

2.     ISEC denies each and every allegation contained in paragraph 2 of the Complaint.

3.     ISEC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and denies the allegations on that basis.

/ / / / /

---

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF
JOSEPHINE R. ZOMAYAH

1       4.    ISEC denies each and every allegation contained in paragraph 4 of

2   the Complaint.

3       5.    ISEC denies each and every allegation contained in paragraph 5 of

4   the Complaint.

5       6.    ISEC denies each and every allegation contained in paragraph 6 of

6   the Complaint.

7       7.    ISEC denies each and every allegation contained in paragraph 7 of

8   the Complaint.

9       8.    ISEC denies each and every allegation contained in paragraph 8 of

10  the Complaint.

11      9.    ISEC denies each and every allegation contained in paragraph 9 of

12  the Complaint.

13      10.    ISEC denies each and every allegation contained in paragraph 10 of

14  the Complaint.

15      11.    ISEC denies each and every allegation contained in paragraph 11 of

16  the Complaint.

17      12.    ISEC denies each and every allegation contained in paragraph 12 of

18  the Complaint.

19      13.    ISEC denies each and every allegation contained in paragraph 13 of

20  the Complaint.

21      14.    ISEC denies each and every allegation contained in paragraph 14 of

22  the Complaint.

23      15.    ISEC denies each and every allegation contained in paragraph 15 of

24  the Complaint.

25      16.    ISEC denies each and every allegation contained in paragraph 16 of

26  the Complaint.

27  / / / / /

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

2

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF
JOSEPHINE R. ZOMAYAH

17.   ISEC denies each and every allegation contained in paragraph 17 of the Complaint.

18.   ISEC denies each and every allegation contained in paragraph 18 of the Complaint.

19.   ISEC denies each and every allegation contained in paragraph 19 of the Complaint.

20.   ISEC denies each and every allegation contained in paragraph 20 of the Complaint.

21.   ISEC denies each and every allegation contained in paragraph 21 of the Complaint.

22.   ISEC denies each and every allegation contained in paragraph 22 of the Complaint.

23.   ISEC denies each and every allegation contained in paragraph 23 of the Complaint.

24.   ISEC denies each and every allegation contained in paragraph 24 of the Complaint.

25.   ISEC incorporates by reference its responses to paragraphs 1 through 24 of the Complaint as though set forth in full at this point.

26.   ISEC admits that during the time period covered by the Complaint, certain provisions of California Government Code sections 12940 *et seq*. were in full force and effect.  ISEC further admits that during the time period covered by the Complaint, ISEC employed more than five persons.  Except as specifically admitted, ISEC denies each and every allegation contained in paragraph 26 of the Complaint.

27.   ISEC admits only that during the time period covered by the Complaint, certain provisions of California Government Code sections 12940 *et seq*. generally required covered employers to refrain from discriminating against

3

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF
JOSEPHINE R. ZOMAYAH

1  an employee on an illegal basis.  Except as specifically admitted, ISEC denies

2  each and every allegation contained in paragraph 27 of the Complaint.

3    28.    ISEC admits generally that California state law required covered

4  employers to refrain from discriminating against an employee on the basis of

5  national origin or ancestry.  Except as specifically admitted, ISEC denies each

6  and every allegation contained in paragraph 28 of the Complaint.

7    29.    ISEC is without sufficient knowledge or information to form a belief

8  as to the truth of the allegations contained in paragraph 29 of the Complaint and

9  denies the allegations on that basis.

10    30.    ISEC is without sufficient knowledge or information to form a belief

11  as to the truth of the allegations contained in paragraph 30 of the Complaint and

12  denies the allegations on that basis.

13    31.    ISEC denies each and every allegation contained in paragraph 31 of

14  the Complaint.

15    32.    ISEC denies each and every allegation contained in paragraph 32 of

16  the Complaint.

17    33.    ISEC denies each and every allegation contained in paragraph 33 of

18  the Complaint.

19    34.    ISEC denies each and every allegation contained in paragraph 34 of

20  the Complaint.

21    35.    ISEC denies each and every allegation contained in paragraph 35 of

22  the Complaint.

23    36.    ISEC denies each and every allegation contained in paragraph 36 of

24  the Complaint.

25    37.    ISEC denies each and every allegation contained in paragraph 37 of

26  the Complaint.

27  / / / / /

28

4

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF
JOSEPHINE R. ZOMAYAH

38.    ISEC denies each and every allegation contained in paragraph 38 of the Complaint.

39.    ISEC denies each and every allegation contained in paragraph 39 of the Complaint.

40.    ISEC denies each and every allegation contained in paragraph 40 of the Complaint.

41.    ISEC denies each and every allegation contained in paragraph 41 of the Complaint.

42.    ISEC denies each and every allegation contained in paragraph 42 of the Complaint.

43.    ISEC incorporates by reference its responses to paragraphs 1 through 42 of the Complaint as though set forth in full at this point.

44.    ISEC admits that during the time period covered by the Complaint, certain provisions of California Government Code sections 12940 *et seq.* were in full force and effect.  ISEC further admits that during the time period covered by the Complaint, ISEC employed more than five persons.  Except as specifically admitted, ISEC denies each and every allegation contained in paragraph 44 of the Complaint.

45.    ISEC admits only that during the time period covered by the Complaint, certain provisions of California Government Code sections 12940 *et seq.* generally required covered employers to refrain from discriminating against an employee on an illegal basis.  Except as specifically admitted, ISEC denies each and every allegation contained in paragraph 45 of the Complaint.

46.    ISEC admits that generally California state law requires covered employers to refrain from discriminating against or harassing an employee on an illegal basis.  Except as specifically admitted, ISEC denies each and every allegation contained in paragraph 46 of the Complaint.

5

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF JOSEPHINE R. ZOMAYAH

47.    ISEC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and denies the allegations on that basis.

48.    ISEC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and denies the allegations on that basis.

49.    ISEC denies each and every allegation contained in paragraph 49 of the Complaint.

50.    ISEC denies each and every allegation contained in paragraph 50 of the Complaint.

51.    ISEC denies each and every allegation contained in paragraph 51 of the Complaint.

52.    ISEC denies each and every allegation contained in paragraph 52 of the Complaint.

53.    ISEC denies each and every allegation contained in paragraph 53 of the Complaint.

54.    ISEC denies each and every allegation contained in paragraph 54 of the Complaint.

55.    ISEC denies each and every allegation contained in paragraph 55 of the Complaint.

56.    ISEC denies each and every allegation contained in paragraph 56 of the Complaint.

57.    ISEC incorporates by reference its responses to paragraphs 1 through 56 of the Complaint as though set forth in full at this point.

58.    ISEC admits that during the time period covered by the Complaint, certain provisions of California Government Code sections 12940 *et seq.* were in full force and effect.  ISEC further admits that during the time period covered by

6

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF JOSEPHINE R. ZOMAYAH

1   the Complaint, ISEC employed more than five persons.  Except as specifically

2   admitted, ISEC denies each and every allegation contained in paragraph 58 of the

3   Complaint.

4        59.    ISEC admits only that during the time period covered by the

5   Complaint, certain provisions of California Government Code sections 12940 *et*

6   *seq.* generally required covered employers to refrain from discriminating against

7   an employee on an illegal basis.  Except as specifically admitted, ISEC denies

8   each and every allegation contained in paragraph 59 of the Complaint.

9        60.    ISEC admits that generally California state law requires covered

10  employers to refrain from retaliating against an employee on an illegal basis.

11  Except as specifically admitted, ISEC denies each and every allegation contained

12  in paragraph 60 of the Complaint.

13       61.    ISEC is without sufficient knowledge or information to form a belief

14  as to the truth of the allegations contained in paragraph 61 of the Complaint and

15  denies the allegations on that basis.

16       62.    ISEC is without sufficient knowledge or information to form a belief

17  as to the truth of the allegations contained in paragraph 62 of the Complaint and

18  denies the allegations on that basis.

19       63.    ISEC denies each and every allegation contained in paragraph 63 of

20  the Complaint.

21       64.    ISEC denies each and every allegation contained in paragraph 64 of

22  the Complaint.

23       65.    ISEC denies each and every allegation contained in paragraph 65 of

24  the Complaint.

25       66.    ISEC denies each and every allegation contained in paragraph 66 of

26  the Complaint.

27  / / / / /

28                                                    7

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF
JOSEPHINE R. ZOMAYAH

67.   ISEC incorporates by reference its responses to all paragraphs of the Complaint as though set forth in full at this point.

68.   ISEC denies each and every allegation contained in paragraph 68 of the Complaint.

69.   ISEC admits only that generally California state law requires covered employers to refrain from discriminating against an employee on an illegal basis.  Except as specifically admitted, ISEC denies each and every allegation contained in paragraph 69 of the Complaint.

70.   ISEC denies each and every allegation contained in paragraph 70 of the Complaint.

71.   ISEC denies each and every allegation contained in paragraph 71 of the Complaint.

72.   Paragraph 72 of the Complaint is a prayer for relief to which no responsive pleading is required and, in any event, is denied.

1. [sic]  ISEC incorporates by reference its responses to all paragraphs of the Complaint as though set forth in full at this point.

2. [sic]  ISEC denies each and every allegation contained in paragraph "2" of the Complaint.

3. [sic]  ISEC denies each and every allegation contained in paragraph "3" of the Complaint.

4. [sic]  ISEC denies each and every allegation contained in paragraph "4" of the Complaint.

5. [sic]  Paragraph "5" of the Complaint is a prayer for relief to which no responsive pleading is required and, in any event, is denied.

6. [sic]  ISEC incorporates by reference its responses to all paragraphs of the Complaint as though set forth in full at this point.

/ / / / /

8

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF JOSEPHINE R. ZOMAYAH

1        7. [sic]  ISEC denies each and every allegation contained in paragraph "7)"

2    of the Complaint.

3        8. [sic]  ISEC denies each and every allegation contained in paragraph "8)"

4    of the Complaint.

5        73.    ISEC incorporates by reference its responses to paragraphs 1

6    through 72 of the Complaint as though set forth in full at this point.

7        74.    ISEC denies the allegations of paragraph 74 of the Complaint as

8    plead, and because it is a conclusion of law to which no responsive pleading is

9    required.

10       75.    ISEC denies each and every allegation contained in paragraph 75 of

11   the Complaint and its subparts.

12       76.    ISEC denies each and every allegation contained in paragraph 76 of

13   the Complaint and its subparts.

14       77.    ISEC denies each and every allegation contained in paragraph 77 of

15   the Complaint.

16       78.    ISEC denies each and every allegation contained in paragraph 78 of

17   the Complaint.

18       79.    ISEC denies each and every allegation contained in paragraph 79 of

19   the Complaint.

20       80.    Paragraph 80 of the Complaint is a prayer for relief to which no

21   responsive pleading is required and, in any event, is denied.

22       81.    ISEC incorporates by reference its responses to paragraphs 1

23   through 79 of the Complaint as though set forth in full at this point.

24       82.    ISEC denies the allegations of paragraph 82 of the Complaint as

25   plead, and because it is a conclusion of law to which no responsive pleading is

26   required.

27   / / / / /

28

9

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF
JOSEPHINE R. ZOMAYAH

1       83.    ISEC denies each and every allegation contained in paragraph 83 of

2   the Complaint, and its subparts.

3       84.    ISEC denies each and every allegation contained in paragraph 84 of

4   the Complaint.

5       85.    ISEC denies each and every allegation contained in paragraph 85 of

6   the Complaint.

7       86.    ISEC denies each and every allegation contained in paragraph 86 of

8   the Complaint.

9       87.    ISEC denies each and every allegation contained in paragraph 87 of

10  the Complaint.

11      88.    Paragraph 88 of the Complaint is a prayer for relief to which no

12  responsive pleading is required and, in any event, is denied.

13      89.    ISEC incorporates by reference its responses to paragraphs 1

14  through 87 of the Complaint as though set forth in full at this point.

15      90.    ISEC denies each and every allegation contained in paragraph 90 of

16  the Complaint.

17      91.    ISEC denies each and every allegation contained in paragraph 91 of

18  the Complaint.

19      92.    ISEC denies each and every allegation contained in paragraph 92 of

20  the Complaint.

21      93.    ISEC denies each and every allegation contained in paragraph 93 of

22  the Complaint.

23      94.    Paragraph 94 of the Complaint is a prayer for relief to which no

24  responsive pleading is required and, in any event, is denied.

25  / / / / /

26  / / / / /

27  / / / / /

28

10

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF
JOSEPHINE R. ZOMAYAH

1    WHEREFORE, ISEC prays as follows:

2    That the Complaint be dismissed in its entirety with prejudice, that ISEC

3    be awarded its costs, including reasonable attorneys' fees, and that the Court

4    award such other and further relief to ISEC as the Court deems just and proper.

5    <u>AFFIRMATIVE DEFENSES</u>

6    ISEC, without admitting any of the allegations of the Complaint, asserts

7    the following affirmative defenses:

8    1.    Any claim for employee benefits is completely preempted by the

9          Employee Retirement Income Security Act of 1974, 29 U.S.C.

10         § 1001 *et seq.*;

11   2.    Plaintiff's claims are preempted by federal law;

12   3.    Plaintiff's claims are barred by the failure to exhaust all applicable

13         contractual remedies and policies including the requirement to

14         arbitrate;

15   4.    Plaintiff's claims are barred by the failure to exhaust all state and

16         federal administrative remedies;

17   5.    Plaintiff is estopped by her conduct from receiving any relief against

18         ISEC;

19   6.    Plaintiff has waived and/or released any right to recovery against

20         ISEC;

21   7.    Plaintiff's claims are barred by all applicable state and federal

22         statutes of limitations;

23   8.    Plaintiff's claims are barred by laches;

24   9.    Plaintiff's claims are barred because any employment was

25         terminable at-will with or without cause;

26   10.   If it is found that plaintiff was terminated by ISEC and that plaintiff

27         was not employed at-will, plaintiff's claims are barred on the

28

11

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF
JOSEPHINE R. ZOMAYAH

grounds that any decision was made in good faith based upon good
and reasonable cause which was acquired before, during, or after
plaintiff's employment;

11.   Plaintiff's claims are barred because ISEC's alleged conduct was
privileged, excused, and/or justified;

12.   Plaintiff's claims are barred on the grounds that plaintiff has or had
unclean hands;

13.   Plaintiff's claims are barred by plaintiff's failure to fulfill conditions
precedent to proceeding to the enforcement of any alleged contract
or agreement;

14.   Plaintiff's claims are barred as there was a failure of consideration
and/or lack of consideration as to any alleged contract or agreement,
or as to any alleged modification;

15.   Plaintiff's claims are barred by her prior breach of any alleged
contract or agreement, excluding any duty of performance by ISEC;

16.   Plaintiff's claims are barred by the statute of frauds;

17.   Plaintiff's claims are barred or reduced by the breach of her
statutory obligations and by her misrepresentations;

18.   Plaintiff's claims are barred by her prior breach of an implied
covenant of good faith and fair dealing as to each alleged contract or
agreement;

19.   Plaintiff's claims are barred or reduced by contributory negligence
or fault and/or comparative negligence or fault;

20.   Plaintiff's claims are barred by the exclusive remedy under the
California Workers' Compensation Act in that her alleged injuries
involve compensable injuries which occurred, if at all, when

/ / / / /

12

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF
JOSEPHINE R. ZOMAYAH

plaintiff was subject to the compensation provisions of the
California Workers' Compensation Act;

21. Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages;

22. Plaintiff's claims are barred in that each contract or agreement alleged by plaintiff was properly canceled and/or modified;

23. Plaintiff's claims are barred by the parol evidence rule;

24. Plaintiff's claims are barred because the alleged promises were indefinite and uncertain;

25. Plaintiff has been paid and/or received all sums and benefits due by virtue of plaintiff's employment;

26. Plaintiff's claims are barred by the occurrence of conditions subsequent to any alleged contract or agreement;

27. Plaintiff's claims are barred by the business necessity/job relatedness defense;

28. Plaintiff's claims are barred by the avoidable consequences doctrine;

29. Plaintiff's claims are barred because ISEC did not act willfully;

30. Plaintiff's claims are barred as plaintiff's national origin/ancestry was not a motivating factor in any employment decisions involving her; and

31. Plaintiff's claims are barred by accord and satisfaction.

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

13

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF
JOSEPHINE R. ZOMAYAH

1     WHEREFORE, ISEC prays as follows:

2     That the Complaint be dismissed with prejudice, that ISEC be awarded its

3 costs, including reasonable attorneys' fees, and that the Court award such other

4 and further relief as it deems just and proper.

5 DATED:  April 1, 2008               Respectfully submitted,

6                     MARKS, GOLIA & FINCH, LLP

7

8                     By:

9                     STEPHEN J. SCHULTZ
                    CHAD T. WISHCHUK

10                     Attorneys for Defendant ISEC,
                    Incorporated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   1246.002 (DC)/CTW1367.am

27

28                     14

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF PLAINTIFF
JOSEPHINE R. ZOMAYAH

STEPHEN J. SCHULTZ, SBN 90187
sschultz@mgfllp.com
CHAD T. WISHCHUK, SBN 214779
cwishchuk@mgfllp.com

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

Attorneys for Defendant ISEC, Incorporated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE R. ZOMAYAH, | CASE NO: |
| Plaintiff, | (Removed from Superior Court of California, County of San Diego, Case No. 37-2007-00084794-CU-WT-CTL) |
| v. | |
| ISEC, INCORPORATED, an unknown business entity ; and DOES 1 through 50, inclusive, | PROOF OF SERVICE BY MAIL |
| Defendants. | Assigned to: Hon. _____, Dept. _____ |

I, Ada Meraz, declare that:

I am over the age of eighteen years and not a party to the action; I am employed in the County of San Diego, California; where the mailing occurs; and my business address is 3900 Harney Street, First Floor, San Diego, California 92110-2825. I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I caused to be served the following document(s):

/ / / / /

PROOF OF SERVICE BY MAIL

1  DEFENDANT ISEC, INCORPORATED'S ANSWER TO COMPLAINT OF

2  PLAINTIFF JOSEPHINE R. ZOMAYAH, by placing a copy thereof in a

3  separate envelope for each addressee listed as follows:

4  Timothy L. Brictson, Esq.                    ATTORNEYS FOR PLAINTIFF
   H. Anthony Harris, Esq.                      JOSEPHINE ZOMAYAH
5  Law Office of Brictson & Cohn
   2214 Fifth Avenue
6  San Diego, California 92101
   Telephone:  (619) 296-9387
7  Facsimile:  (619) 232-0583

8          I then sealed the envelope(s) and, with the postage thereon fully prepaid,

9  either deposited it/each in the United States Postal Service or placed it/each for

10 collection and mailing on April 1, 2008, at San Diego, California, following

11 ordinary business practices.

12         I declare under penalty of perjury under the laws of the State of California

13 that the foregoing is true and correct.

14         Executed on April 1, 2008.

15

16  _____
                Ada Meraz

17

18

19

20

21

22

23

24

25

26

27 1246.002/Proof.am

28                                           2

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

PROOF OF SERVICE BY MAIL